State of Nebraska, appellee, v.
Wesley S. Vandever, appellant.
___ N.W.2d ___

Filed April 4, 2014.    No. S-12-1023.

1. **Trial: Juries: Evidence: Appeal and Error.** A trial court's decision to allow a
   jury during deliberations to rehear or review evidence, whether such evidence
   is testimonial or nontestimonial, is reviewed by an appellate court for an abuse
   of discretion.
2. **Juries: Evidence.** Heightened procedures are required when a court considers a
   jury's request under Neb. Rev. Stat. § 25-1116 (Reissue 2008) to rehear testimony
   that was presented in the form of an audio or video recording.
3. **Evidence: Case Disapproved.** To the extent *State v. Dixon*, 259 Neb. 976,
   614 N.W.2d 288 (2000), indicated that the heightened procedures set forth
   therein were to be used in connection with nontestimonial recorded evidence, it
   is disapproved.
4. **Trial: Testimony: Evidence: Words and Phrases.** "Testimony" for purposes
   of Neb. Rev. Stat. § 25-1116 (Reissue 2008) encompasses evidence authorized
   as "testimony" under Neb. Rev. Stat. § 25-1240 (Reissue 2008), that is, as live
   testimony at trial by oral examination or by some substitute for live testimony,
   including but not limited to, affidavit, deposition, or video recording of an exami-
   nation conducted prior to the time of trial for use at trial.

Appeal from the District Court for Scotts Bluff County:
Randall L. Lippstreu, Judge. Affirmed.

Todd D. Morten, of Island & Huff, P.C., L.L.O., for
appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for
appellee.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-
Lerman, and Cassel, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Wesley S. Vandever appeals his conviction in the district
court for Scotts Bluff County for possession of a controlled
substance, methamphetamine. Vandever claims that the court
erred when, during deliberations, it granted the jury's request
to rehear a recording of an investigator's interview of Vandever.
We find no error and, accordingly, affirm Vandever's convic-
tion and sentence.

## STATEMENT OF FACTS

In April 2012, drug task force investigators executed a search warrant at a house in Scottsbluff, Nebraska. Four individuals, including Vandever, were inside the house at the time of the search. Investigators found Vandever and two of the others sleeping on the floor of a room in the basement. They also found bags of methamphetamine and other items, including a "meth" pipe and a marijuana pipe, located near where Vandever was sleeping. Vandever was arrested, and he was taken to the Scottsbluff Police Department where he was interviewed by one of the investigators who had conducted the search.

The investigator who interviewed Vandever testified at trial regarding the search and the interview. In connection with the investigator's testimony, the court admitted into evidence a compact disc containing an edited audio recording of the interview. Vandever did not object to admission of the recording, and the recording, which was approximately 8 minutes in length, was played for the jury. In the recorded interview, the investigator questioned Vandever regarding, inter alia, ownership of items found near him in the basement room. Vandever admitted that the marijuana pipe was his but denied that the "meth" pipe and the bags of methamphetamine were his. The investigator then asked Vandever, "Did you use last night? . . . Did you smoke a little?" Vandever replied, "Not a lot. Because obviously I was sleeping." Vandever continued that he generally did not use a lot and that he was working on getting clean.

During deliberations, the jury sent a written note to the court stating, "Can we please listen to the 8 minute . . . interview again?" The note was signed by the presiding juror. The court wrote a response on the note stating, "I will allow to hear Exh 16 (C.D of the interview) only one more time." After the judge's signature, it stated, "P.S The bailiff will be present during the playing of the C.D. Do not resume your discussions until you return to jury room." In a journal entry, the court stated that it had "honored the jury's written request to rehear Exhibit 16 ([the investigator's] interview of [Vandever]) over Defense Counsel's objection."

The jury thereafter returned a verdict finding Vandever guilty of possession of methamphetamine. The court later sentenced Vandever to imprisonment for 300 days and payment of a $100 fine.

Vandever appeals his conviction.

## ASSIGNMENT OF ERROR

Vandever claims that the court erred when it failed to hold a hearing to determine the purpose of the jury's request, failed to make explicit findings, and allowed the jury to rehear the recording of the interview.

## STANDARD OF REVIEW

[1] In cases involving testimonial evidence, we have stated that the decision to allow a jury to review or rehear evidence during deliberations is a matter within the trial court's discretion. *State v. Halsey*, 232 Neb. 658, 441 N.W.2d 877 (1989). In cases involving nontestimonial evidence, we have stated that trial courts have broad discretion in allowing the jury unlimited access to properly received exhibits that constitute substantive evidence. *State v. Pischel*, 277 Neb. 412, 762 N.W.2d 595 (2009). Therefore, a trial court's decision to allow a jury during deliberations to rehear or review evidence, whether such evidence is testimonial or nontestimonial, is reviewed by an appellate court for an abuse of discretion.

## ANALYSIS

Vandever claims that the court erred when it allowed the jury to rehear the recording of the investigator's interview of Vandever during the jury's deliberations without adhering to the heightened procedures set forth in *State v. Dixon*, 259 Neb. 976, 614 N.W.2d 288 (2000), *disapproved on other grounds, State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012) (*Dixon*). Vandever specifically contends that the recording was testimonial evidence and that under the heightened procedures described in *Dixon*, when the jury seeks to rehear testimonial evidence, the court is required to conduct a hearing, make findings regarding the reason for the jury's request, and weigh the probative value of replaying the recording against the

danger of undue emphasis, before it can properly grant the jury's request to rehear the recording.

As to the legal principles under consideration, the State argues in response that our reasoning in *Dixon* was flawed and that we should overrule *Dixon*. The State contends that the recording at issue in *Dixon*—a recording of a conversation between the defendant and a codefendant in which the defendant admitted to the crime charged—was not testimonial evidence but was instead substantive evidence of the crime and that therefore, the heightened procedures we espoused in *Dixon* for testimonial evidence were not applicable to the nontestimonial evidence in *Dixon*. As to the present case, the State argues that the recording at issue was substantive evidence not subject to the heightened procedures in *Dixon* and that therefore, it was consistent with the district court's authority to permit exhibits into the jury room to allow the jury to rehear the recording during deliberations. According to the State, we need only review the district court's ruling for an abuse of discretion.

*Decision in* Dixon.

In view of the parties' contentions, we begin by examining our decision in *Dixon* to determine whether and to what extent it may be in need of clarification. Later in this opinion, we describe in greater detail our understanding of what constitutes "testimony," sometimes referred to as "testimonial evidence." As we explain later, testimony refers to trial evidence, including live oral examinations, affidavits and depositions in lieu of live testimony, and tapes of examinations conducted prior to the time of trial for use at trial in accordance with procedures provided by law. See, generally, Neb. Rev. Stat. §§ 25-1240 and 25-1242 (Reissue 2008).

In *Dixon*, the defendant objected to the jury's request during deliberations for a tape player that would allow the jury to listen to a recording of a telephone conversation between the defendant and a codefendant. In the conversation, the defendant was asked why he shot the victim and the defendant replied that he "'just felt like blasting on him.'" *Id.* at 980, 614 N.W.2d at 292. The trial court overruled the defendant's

objection, and the jury was provided the recording and a tape player for unsupervised use in the jury room. Although we reversed the defendant's convictions and resolved the appeal on other grounds, we considered the defendant's assignment of error regarding the jury's access to the recording during deliberations in order "to address the procedure by which such exhibits should be presented to the jury if properly admitted into evidence." *Id*. at 986, 614 N.W.2d at 296.

In *Dixon*, we stated that "[t]he general rule is that allowing a jury to rehear only portions of the evidence after they have commenced deliberations is not to be encouraged, but it is a matter within the discretion of the trial court." 259 Neb. at 986-87, 614 N.W.2d at 296 (citing *State v. Halsey*, 232 Neb. 658, 441 N.W.2d 877 (1989)). We then stated that specifically, with regard to testimonial evidence, "[t]he traditional common-law rule is that a trial court has 'no discretion to submit depositions and other testimonial materials to the jury room for *unsupervised review*, even if properly admitted into evidence at trial.'" *Id*. at 987, 614 N.W.2d at 296 (quoting *Chambers v. State*, 726 P.2d 1269 (Wyo. 1986)). That is, such testimonial material should not be permitted in the jury room. However, in *Dixon*, we created heightened procedures by which testimonial evidence could be reheard by the jury during deliberations and described these heightened procedures as follows:

> When a jury makes a request to rehear certain evidence, the common-law rule requires that a trial court discover the exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis. If, after this careful exercise of discretion, the court decides to allow some repetition of the tape-recorded evidence for the jury, it can do so in open court in the presence of the parties or their counsel or under other strictly controlled procedures of which the parties have been notified.

259 Neb. at 987, 614 N.W.2d at 297. In *Dixon*, we stated that these procedures were required by common law and cited *Chambers* for this proposition. Vandever asserts that the

recording at issue in the instant case is testimonial and that the court was required but failed to follow these heightened procedures before it allowed the jury to rehear the interview recording of Vandever.

We make two initial observations about this portion of the *Dixon* opinion that are relevant to our consideration of whether *Dixon* remains sound and whether it applies to the instant case. First, in the Wyoming case to which we refer as the source for the heightened procedures, the Wyoming Supreme Court described such procedures as being required by statute rather than by common law. See *Chambers, supra*. Second, although the heightened procedures were meant to apply specifically to "depositions and other testimonial materials," see *id*. at 1275, our discussion of the procedures in *Dixon* infers that such procedures apply generally to any recorded form of verbal evidence. Both observations require further explanation.

In *Dixon*, we stated that the heightened procedures set forth therein were required by "the common-law rule" and we cited *Chambers, supra*, as the source for the procedures. 259 Neb. at 987, 614 N.W.2d at 296. However, the Wyoming Supreme Court in *Chambers* did not state that the procedures were derived from common law. Instead, in the context of determining whether it was appropriate for a court to allow the jury to view videotaped testimony during deliberations, the court in *Chambers* discussed a Wyoming statute which "permits a court to refresh the jury's recollection of trial testimony under certain limited circumstances." 726 P.2d at 1275-76. The Wyoming court quoted the statute, which provides:

After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel.

Wyo. Stat. Ann. § 1-11-209 (2013). The Wyoming court in *Chambers* identified the statute, rather than a common-law rule, as the source requiring the heightened procedures to be employed when a court responds to a jury's request during deliberations to rehear testimony that was presented in the form of an audio or video recording.

[2] We note that Nebraska has a similar statute, Neb. Rev. Stat. § 25-1116 (Reissue 2008), which provides as follows:

> After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where the information upon the point of law shall be given, and the court may give its recollection as to the testimony on the point in dispute in the presence of or after notice to the parties or their counsel.

To the extent the heightened procedures we set forth in *Dixon* were based on the Wyoming court's interpretation of its statute relating to the court's ability to refresh the jury's memory with regard to recorded testimony, then it was reasonable for this court in *Dixon* to similarly interpret § 25-1116 as also requiring such heightened procedures when a jury makes a request to rehear testimony that was presented through an audio or video recording. However, because our comments in *Dixon* relied on *Chambers v. State*, 726 P.2d 1269 (Wyo. 1986), it was not appropriate in *Dixon* to indicate that the heightened procedures were required under common law and to cite to *Chambers* as authority therefor. Instead, we should have stated that the heightened procedures were implicitly required under statute when the court considers a jury's request under § 25-1116 to rehear testimony that was presented in the form of an audio or video recording.

We next note that although the Wyoming case, *Chambers, supra*, was specifically concerned with whether the jury could rehear recorded testimony, our discussion of the heightened procedures in *Dixon* was more expansive and made it appear that the procedures outlined in *Dixon* applied to any sort of verbal recording entered into evidence, whether or not that

evidence was testimonial. As discussed above, the heightened procedures set forth in *Dixon* are a reasonable interpretation of how § 25-1116 should be applied when the jury's request relates to recorded testimony. Because the statute is concerned with testimony, the heightened procedures outlined in *Dixon* should apply only when the recording at issue contains testimonial evidence. The heightened procedures should not apply to nontestimonial evidence merely because such evidence is verbal in nature and is contained in an audio or video recording.

In case law subsequent to *Dixon*, we have noted a distinction between testimonial evidence and other types of evidence. For example, in *State v. Pischel*, 277 Neb. 412, 427, 762 N.W.2d 595, 607 (2009), we stated both that "a trial court has no discretion to submit testimonial materials to the jury for unsupervised review during deliberations" and that "trial courts have broad discretion in allowing the jury to have unlimited access to properly received exhibits that constitute substantive evidence of the defendant's guilt." In *Pischel*, we rejected the defendant's argument that the heightened procedures in *Dixon* applied to the district court's decision to allow the jury access during deliberations to transcripts of the defendant's online conversations with a minor girl in a prosecution for use of a computer to entice a child or a peace officer believed to be a child for sexual purposes. We reasoned in *Pischel* that "the transcripts of online conversations were not testimonial material but instead were substantive evidence of [the defendant's] guilt." 277 Neb. at 427-28, 762 N.W.2d at 607. We note in this regard that the Wyoming Supreme Court has similarly made a distinction between testimonial recordings and recordings admitted as nontestimonial exhibits when applying *Chambers, supra*. See *Munoz v. State*, 849 P.2d 1299 (Wyo. 1993).

This distinction between testimonial materials and other evidence was not made clear in *Dixon*, because we referred simply to "recordings" rather than "recordings of testimony." The distinction was blurred further because the evidence at issue in *Dixon* was not testimonial. Instead, the evidence was a recording of the defendant's conversation with a codefendant

which the defendant did not know was being recorded and did not know would be used at a trial. Therefore, the heightened procedures applicable to evidence embodied in a recording of testimony outlined in *Dixon* were not applicable to the evidence at issue in that case.

[3] As noted above, the defendant's convictions in *Dixon* were reversed based on issues unrelated to the recording that was played for the jury. Therefore, the discussion of the heightened procedures in *Dixon* did not determine the disposition of the case but instead was intended to provide guidance to the trial court on remand. However, as we noted above, the discussion of the heightened procedures in conjunction with the discussion of specific evidence at issue in *Dixon* unintentionally implied that the procedures were to be used in connection with any evidence that is presented in the form of an audio or video recording, whether testimonial or not. To the extent *Dixon* indicated that the heightened procedures set forth therein were to be used in connection with nontestimonial recorded evidence, it is disapproved. The procedures set forth in *Dixon* implementing § 25-1116 are applicable only when a jury has requested to have its memory refreshed regarding testimonial evidence.

*Parties' Contentions and
Our Resolution.*

As we understand it, Vandever argues that the jury's request was implicitly subject to § 25-1116, the recording was testimonial evidence, and the court erred when it failed to strictly adhere to the heightened procedures described in *Dixon*. The State argues in response that the recording was substantive evidence of the crime, nontestimonial in nature, and that the court had discretion to allow the jury unlimited access to the recording and to rehear it without being required to follow the heightened procedures set forth in *Dixon*. We determine that the evidence at issue in this case was not testimony and that therefore, the jury's request was not made pursuant to § 25-1116 and the heightened procedures were not required.

We note initially that the determination of whether evidence is "testimony" for purposes of § 25-1116 is not the same

as the determination of whether a statement is "testimonial" for purposes of Confrontation Clause analysis. See *State v. Hembertt*, 269 Neb. 840, 850, 696 N.W.2d 473, 481-82 (2005) (stating that "whether particular evidence is 'testimonial,' for Confrontation Clause purposes, may be quite different from whether it is 'testimonial' as that word is used in other contexts" and citing *Dixon* as an example of such other contexts). Therefore, our analysis of whether evidence is "testimony" for purposes of § 25-1116 is not guided by, and should not serve as guidance for, an analysis of whether a statement is "testimonial" for Confrontation Clause purposes.

As discussed above, the heightened procedures set forth in *Dixon* are required only when the jury has made a request with regard to testimony pursuant to § 25-1116. Section 25-1116 is found in the Nebraska statutes pertaining to civil procedure. "Testimony" as used in § 25-1116 is not defined. We therefore must explain the meaning of "testimony" in § 25-1116 and determine whether the recording at issue in this case was "testimony" within the meaning of § 25-1116. Although we have not explicitly set forth a definition of "testimony" for purposes of § 25-1116, we have applied the statute with respect to the reading of a deposition during deliberations, see *Bakhit v. Thomsen*, 193 Neb. 133, 225 N.W.2d 860 (1975), as well as the reading of an official court reporter's record of live testimony, see *Shiers v. Cowgill*, 157 Neb. 265, 59 N.W.2d 407 (1953), and *Graves v. Bednar*, 171 Neb. 499, 107 N.W.2d 12 (1960).

[4] Elsewhere in the statutory chapter pertaining to civil procedure, we note that § 25-1240 provides that the "testimony of witnesses may be taken in four modes: (1) By affidavit; (2) by deposition; (3) by oral examination, and (4) by videotape of an examination conducted prior to the time of trial for use at trial in accordance with procedures provided by law." We read "testimony" under § 25-1240 as including oral testimony as well as verbal evidence presented in other modes as a substitute for oral testimony. We take guidance from § 25-1240, and we determine that "testimony" for purposes of § 25-1116 encompasses evidence authorized as "testimony" under § 25-1240, that is, as live testimony at trial by oral

examination or by some substitute for live testimony, including but not limited to, affidavit, deposition, or video recording of an examination conducted prior to the time of trial for use at trial. For completeness, we note that videotaped depositions are statutorily included in the definition of "deposition" in § 25-1242.

In the present case, the recording of the investigator's interview of Vandever, although verbal in nature, was not prepared as or admitted into evidence as a substitute for live testimony at trial. In the language of § 25-1240, it was not "an examination conducted prior to the time of trial for use at trial in accordance with procedures provided by law." Instead, we determine that the interview was admitted as nontestimonial evidence. Therefore, the jury's request to rehear the 8-minute investigator interview recording was not a request relating to "testimony" made pursuant to § 25-1116, and the heightened procedures set forth in *Dixon* were not required. As a consequence, we need not comment on whether the procedure followed by the district court was or was not adequate under the heightened procedures. The court did not abuse its discretion when it did not follow heightened procedures before allowing the jury to rehear the recording, and we therefore find Vandever's assignment of error to be without merit.

## CONCLUSION

We determine that the evidence at issue in this case was not testimony and that therefore, the heightened procedures for a jury request for "any part of the testimony" pursuant to § 25-1116 were not required. We conclude that the district court did not abuse its discretion when it allowed the jury to rehear the 8-minute recording of the investigator's interview of Vandever. We therefore reject Vandever's assignment of error, and we affirm his conviction and sentence.

AFFIRMED.

WRIGHT, J., participating on briefs.