Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/11/2018 08:10 AM CST

State of Nebraska, appellee, v.
John J. Howard, appellant.
\_\_\_ N.W.2d \_\_\_

Filed December 4, 2018.    No. A-17-543.

1. **Trial: Appeal and Error.** In order to preserve, as a ground of appeal, an opponent's misconduct during closing argument, the aggrieved party must have objected to improper remarks no later than at the conclusion of the argument.
2. **Trial: Motions for Mistrial.** When a party has knowledge during trial of irregularity or misconduct, the party must timely assert his or her right to a mistrial.
3. **Motions for Mistrial: Prosecuting Attorneys: Waiver: Appeal and Error.** A party who fails to make a timely motion for mistrial based on prosecutorial misconduct waives the right to assert on appeal that the court erred in not declaring a mistrial due to such prosecutorial misconduct.
4. **Trial: Juries: Evidence.** Trial courts have broad discretion in allowing the jury to have unlimited access to properly received exhibits that constitute substantive evidence of a defendant's guilt.
5. **Trial: Juries: Evidence: Appeal and Error.** A trial court's decision to allow a jury during deliberations to rehear or review evidence, whether such evidence is testimonial or nontestimonial, is reviewed by an appellate court for an abuse of discretion.
6. **Trial: Testimony: Evidence: Words and Phrases.** Testimonial evidence refers to trial evidence, including live oral examinations, affidavits and depositions in lieu of live testimony, and tapes of examinations conducted prior to the time of trial for use at trial in accordance with procedures provided by law.
7. **Records: Appeal and Error.** It is incumbent upon an appellant to supply a record which supports his or her appeal.
8. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska

Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility.

9. **Trial: Waiver: Appeal and Error.** A party may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error.

10. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred.

11. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

12. **Trial: Effectiveness of Counsel: Prosecuting Attorneys: Appeal and Error.** Determining whether defense counsel was ineffective in failing to object to prosecutorial misconduct requires an appellate court to first determine whether the petitioner has alleged any action or remarks that constituted prosecutorial misconduct.

13. **Trial: Prosecuting Attorneys.** A prosecutor is entitled to draw inferences from the evidence in presenting his or her case, and such inferences generally do not amount to prosecutorial misconduct.

14. **Pretrial Procedure: Prosecuting Attorneys: Evidence.** A prosecutor has a duty to disclose all favorable evidence to a criminal defendant prior to trial.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Pirtle, Riedmann, and Welch, Judges.

Riedmann, Judge.

## I. INTRODUCTION

John J. Howard appeals his convictions and sentences in the district court for Douglas County of first degree sexual assault,

sexual assault of a child, and first degree sexual assault of a child. We find that the record is insufficient to address several of his ineffective assistance of counsel claims but otherwise find no merit to the arguments raised on appeal. We therefore affirm.

## II. BACKGROUND

Howard was charged with first degree sexual assault, count 1; sexual assault of a child, count 2; and first degree sexual assault of a child, count 3. The charges were based on allegations made by two of his daughters, M.H. and S.H., ages 22 and 16 respectively at the time of trial. Both daughters claimed that when they were around the ages of 4 or 5, Howard would digitally penetrate them when giving them baths. S.H. also described incidents, prior to the time she was in third grade, where Howard would force her to perform oral sex on him and would touch her vagina or force her to touch his penis.

During the investigation of the matter, M.H. made a "one-party consent phone call" (phone call) to Howard, which was recorded by police. The recording was received into evidence at trial and played for the jury. During the call, M.H. repeatedly attempted to get Howard to admit that he had intentionally digitally penetrated her while bathing her when she was younger, and Howard's standard response was that he was just bathing her how her mother had shown him.

The matter proceeded to a jury trial. During deliberations, the jury asked to rehear the recorded phone call, but the district court denied the jury's request. The jury ultimately found Howard guilty of the charges. He was sentenced to imprisonment for 30 to 50 years on count 1, 2 to 3 years on count 2, and 45 to 60 years on count 3, with all sentences to run consecutively. Howard now appeals to this court. Additional facts will be provided below as necessary to address Howard's assigned errors.

## III. ASSIGNMENTS OF ERROR

Howard assigns that the district court erred in (1) permitting the prosecutor to repeatedly misstate evidence during closing arguments, (2) denying the jury's request to rehear the recorded phone call during deliberations, (3) overruling his objection to a police detective's testimony that Howard apologized during the recorded call for digitally penetrating M.H., and (4) denying his motion for mistrial with respect to the victims' mother's testimony and the State's failure to disclose all impeachment evidence. He also claims that he received ineffective assistance of trial counsel in numerous respects.

## IV. ANALYSIS

### 1. PROSECUTORIAL MISCONDUCT
### DURING CLOSING ARGUMENTS

Howard assigns and argues that the district court erred in denying his motion for mistrial after the prosecutor committed misconduct by repeatedly misstating evidence during closing arguments. At trial, however, Howard did not object to the prosecutor's statements. Shortly after closing arguments began, Howard interrupted and asked if the parties could approach the bench. He asserted that there was a graphic displayed for the jury indicating that during the recorded phone call, Howard admitted to digital penetration, which he alleged was a mischaracterization of the evidence. He therefore objected and moved for mistrial. The motion was denied. The State then completed its closing argument, including making several statements Howard challenges on appeal, with no further objection from Howard.

[1-3] In order to preserve, as a ground of appeal, an opponent's misconduct during closing argument, the aggrieved party must have objected to improper remarks no later than at the conclusion of the argument. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013). Likewise, when a party has knowledge during trial of irregularity or misconduct, the party must timely

assert his or her right to a mistrial. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). A party who fails to make a timely motion for mistrial based on prosecutorial misconduct waives the right to assert on appeal that the court erred in not declaring a mistrial due to such prosecutorial misconduct. *Id*.

Because Howard did not object at trial to the statements he now challenges or move for a mistrial on that basis, this issue has not been properly preserved for appeal. Howard relies upon Neb. Rev. Stat. § 25-1141 (Reissue 2016) to argue that his initial objection was sufficient to challenge all of the prosecutor's statements and that he was not required to repeatedly object to every statement he now challenges. We first note that Howard never objected to any statements made during closing arguments; rather, he objected only to the graphic that was displayed for the jury. His objection to the graphic does not encompass the prosecutor's statements as well.

Additionally, § 25-1141 provides that where an objection has once been made to the admission of testimony and overruled by the court, it is unnecessary to repeat the same objection to further testimony of the same nature by the same witness in order to save the error, if any, in the ruling of the court whereby such testimony was received. By its plain language, § 25-1141 applies to objections made to the testimony of the same nature by the same witness. Here, Howard's objections were not to the testimony of a witness, but to a demonstrative exhibit and/or statements made by the prosecutor during closing arguments. We therefore find this statute inapplicable in the instant case.

To the extent Howard challenges the denial of his motion for mistrial based on the graphic displayed for the jury, the graphic is not contained in the record before us, and we therefore cannot conclude that the district court abused its discretion in denying the motion for mistrial. See *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014) (whether to grant mistrial is within trial court's discretion, and appellate court will not disturb its ruling unless court abused its discretion).

### 2. Allowing Jury to Rehear Recorded
### Phone Call During Deliberations

During deliberations, the jury asked the court if it could rehear the recorded phone call between Howard and M.H. The court denied the jury's request. On appeal, Howard argues that the district court erred in doing so, because it was clear that the jury was confused by statements the prosecutor made during closing arguments, which he claims mischaracterized the evidence. He argues that allowing the jury to rehear the recording for itself would have provided an opportunity to mitigate some of the prejudice caused by the prosecutor's statements. We find no abuse of discretion in the trial court's ruling.

[4,5] Under Nebraska case law, the trial judge has discretion to allow the jury to reexamine evidence during deliberations. *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013). Under this rule, trial courts have broad discretion in allowing the jury to have unlimited access to properly received exhibits that constitute substantive evidence of the defendant's guilt. *Id.* A trial court's decision to allow a jury during deliberations to rehear or review evidence, whether such evidence is testimonial or nontestimonial, is reviewed by an appellate court for an abuse of discretion. *State v. Vandever*, 287 Neb. 807, 844 N.W.2d 783 (2014).

[6] In the present case, the parties agree, as do we, that the recorded phone call is properly characterized as substantive, nontestimonial evidence. As explained in *State v. Vandever, supra*, testimonial evidence refers to trial evidence, including live oral examinations, affidavits and depositions in lieu of live testimony, and tapes of examinations conducted prior to the time of trial for use at trial in accordance with procedures provided by law. Here, although verbal in nature, the recording was not prepared as or admitted into evidence as a substitute for live testimony at trial. Therefore, the trial court had broad discretion in allowing or disallowing the jury to rehear the recording during deliberations.

The record before us includes a copy of the jury's question and the judge's notes, which report that Howard asked that the jury be permitted to rehear the recording, but the State objected to the request. If the parties discussed the issue with the court prior to the court's responding to the jury's question, a transcription of their discussion is not contained in our record. Thus, we are unable to adequately review the court's rationale for denying the jury's request.

[7] It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id*. Given that a trial court has broad discretion to disallow a jury to rehear nontestimonial evidence and based on the record before us, we cannot conclude that the district court's decision in this case was an abuse of its discretion. We therefore find no merit to this assigned error.

### 3. OBJECTION TO DETECTIVE'S TESTIMONY

During redirect examination of the police detective who investigated the case, the State asked her to confirm that during the recorded phone call Howard had apologized to M.H. for digitally penetrating her, and the detective responded, "Yes." Howard objected, arguing that the question and answer misstated the evidence, but his objection was overruled. On appeal, Howard asserts that the district court erred in overruling his objection.

[8] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012). Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. *Id*. A judicial abuse of discretion exists only when the reasons or

rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

In the present case, the decision to overrule Howard's objection was not an abuse of discretion. During the recorded phone call, Howard repeatedly apologized to M.H., albeit without directly admitting or denying intentional digital penetration. As discussed in greater detail below, the State's interpretation of the phone call was based on reasonably drawn inferences from Howard's comments during the phone call and therefore did not mischaracterize the evidence. As such, this assigned error lacks merit.

### 4. Motion for Mistrial Based on Testimony of Howard's Ex-Wife

Howard argues that the district court erred in denying his motion for mistrial with respect to the testimony of his ex-wife. At some point after S.H. disclosed the sexual abuse, she alleged that during one particular incident, Howard made her wear a "sports bra" belonging to her mother, who is Howard's ex-wife. During a deposition of Howard's ex-wife, she apparently denied owning any sports bras. At trial, however, during cross-examination, she testified that she did own a sports bra. She admitted that during her deposition she had denied owning one but said that she subsequently discovered that she did, in fact, have one. During redirect, she said that she raised the issue with the county attorney before trial because she realized that she had not given an honest answer in her deposition.

Howard did not object when his ex-wife was testifying regarding the sports bra issue, nor did he immediately move for a mistrial. After her testimony concluded, the State called one additional witness to testify before it rested. Howard then began presenting his defense by calling his first witness to testify. After that witness' testimony concluded, Howard moved for a mistrial based on his ex-wife's testimony. He claimed

that the State should have disclosed the inaccuracy of her deposition testimony prior to trial. The district court denied the motion for mistrial.

[9] When a party has knowledge during trial of irregularity or misconduct, the party must timely assert his or her right to a mistrial. *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010). A party may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error. See *id*. The Nebraska Supreme Court has held that a motion for mistrial made after the testimony of a witness who followed the witness whose testimony was the basis for the mistrial was not timely. See *State v. Morrow*, 237 Neb. 653, 467 N.W.2d 63 (1991).

In the instant case, Howard did not move for a mistrial based on his ex-wife's testimony until two additional witnesses had testified. His motion was therefore untimely, and the issue has not been preserved for appeal.

## 5. Ineffective Assistance of Counsel

[10] Howard is represented on direct appeal by different counsel than the counsel who represented him at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief will recognize whether the claim was brought before the appellate court. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can

be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

[11] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Wells*, 300 Neb. 296, 912 N.W.2d 896 (2018). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id*.

Howard asserts that his trial counsel was ineffective in numerous respects. We address his claims below.

### (a) Failure to Object During
### Closing Arguments

Howard asserts that trial counsel was ineffective in failing to object to the prosecutor's statements during closing arguments. Specifically, he contends that the prosecutor committed misconduct when she repeatedly misstated the evidence by claiming that during the recorded phone call he never denied digitally penetrating M.H.

[12,13] Determining whether defense counsel was ineffective in failing to object to prosecutorial misconduct requires an appellate court to first determine whether the petitioner has alleged any action or remarks that constituted prosecutorial misconduct. *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017). A prosecutor's conduct that does not mislead and

unduly influence the jury does not constitute misconduct. *Id*. A prosecutor is entitled to draw inferences from the evidence in presenting his or her case, and such inferences generally do not amount to prosecutorial misconduct. *Id*.

After reviewing the recorded phone call, we conclude that the prosecutor's statements did not constitute misconduct, because they rested on reasonably drawn inferences from the evidence. The theme of the State's comments with respect to the recorded call was that Howard did not react to M.H.'s allegations with outright denials. Instead, he repeatedly asserted that he was bathing M.H. in the manner in which her mother had taught him. Thus, when M.H. accused him of digitally penetrating her, his response was not that he never did so, but, rather, that he was doing what her mother told him to do.

We recognize that at one point, Howard responded to M.H.'s accusation of digital penetration by saying that "it wasn't in you, it was around the rim, I mean, is how I remember her showing me." The statement that "it wasn't in you" could constitute an outright denial of digital penetration, but when considered in context of the entire sentence, what Howard actually said was that he remembers M.H.'s mother showing him how to bathe M.H. in a manner that did not include putting his fingers in her vagina. That statement is different than Howard's denying that digital penetration ever actually occurred. Howard appeared to make other quasi-denials during the conversation when he made statements such as, "I don't believe I did that," "I don't think I ever did that," or more frequently, "I cleaned you the way your mom showed me to clean you" and other words to that effect. However, the prosecutor's comments were inferences that could reasonably be drawn from what Howard did not say to M.H. Accordingly, because we find that the prosecutor's statements made during closing arguments were reasonably drawn inferences and thus not improper, trial counsel was not ineffective in failing to object and move for mistrial.

### (b) Failure to Timely Move
### for Mistrial

Howard next alleges that his trial counsel was ineffective in failing to timely move for a mistrial on the basis of his ex-wife's testimony. He claims that because the State knew prior to trial that she had testified falsely during her deposition, the State was required under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), to disclose this information to him before trial.

[14] In *Brady v. Maryland*, the U.S. Supreme Court held that a prosecutor has a duty to disclose all favorable evidence to a criminal defendant prior to trial. See *State v. Harris*, 296 Neb. 317, 893 N.W.2d 440 (2017). While the fact that Howard's ex-wife owned a sports bra corroborated S.H.'s testimony, and thus was *unfavorable* to Howard, the record reveals that Howard relied upon his ex-wife's denial in her deposition to prove the improbability of S.H.'s version of the events. He confirmed through several witnesses that S.H. had reported wearing a sports bra belonging to her mother, who is Howard's ex-wife, during one of these incidents, and it is clear that he questioned his ex-wife to prove that S.H.'s memory could not possibly be correct. However, his attempt to negate S.H.'s version of the events was thwarted by his ex-wife's changed testimony.

Because the record on direct appeal contains no information as to why trial counsel did not immediately move for a mistrial, we find the record insufficient to address this claim.

### (c) Failure to Properly
### Cross-Examine M.H.

Howard asserts that trial counsel was ineffective in failing to cross-examine M.H. about allegations that she also had been inappropriately touched by her grandfather. At trial, M.H. testified that she did not tell her mother about the sexual abuse from Howard earlier because of the nature of their relationship. In other words, M.H. asserted that she did not feel

comfortable disclosing the abuse to her mother at the time it occurred.

Howard alleges, however, that his ex-wife testified in her deposition that M.H. immediately reported to her an incident where M.H.'s grandfather had inappropriately touched her when she was approximately 11 years old. Howard attempted to impeach M.H.'s testimony at trial through questioning of his ex-wife rather than by cross-examination of M.H., and the State successfully objected to such questioning of his ex-wife on the grounds of improper impeachment. We find the record is insufficient to address this claim because the deposition of Howard's ex-wife is not in our record, and the record does not contain any information as to why trial counsel elected not to raise this issue during cross-examination of M.H.

### (d) Failure to Call Witness

Howard argues that trial counsel was ineffective in failing to call Dr. Kirk Newring as a witness at trial. According to Howard, Newring was hired to evaluate the circumstances of this case and prepared a report of his conclusions. Newring's name was included on Howard's witness list filed with the district court prior to trial. The State filed a motion in limine to exclude Newring's testimony, and the district court reserved ruling on the motion. Newring was not called to testify at trial. The record on direct appeal is insufficient to address this claim because we are unable to ascertain why trial counsel elected not to call Newring to testify.

### (e) Failure to Properly Investigate and Present Defense

Finally, Howard claims that trial counsel was ineffective in failing to properly investigate and present several key aspects of his defense. He lists 16 different ways in which he alleges trial counsel's performance in this respect was deficient. Each of these alleged failures involve trial strategy. An evaluation of trial counsel's actions, or inactions as the

case may be, would require an evaluation of trial strategy and of matters not contained in the record. We conclude that the record on direct appeal is not sufficient to adequately review these claims.

## V. CONCLUSION

As concluded above, the record on direct appeal is insufficient to address several of the ineffective assistance of counsel claims Howard raises on direct appeal. Otherwise, finding no merit to the arguments raised here, we affirm Howard's convictions and sentences.

Affirmed.