IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MELVIN L. SMITH, APPELLANT.

Filed February 26, 2019.    No. A-18-662.

Appeal from the District Court for Lancaster County, JODI L. NELSON, Judge, on appeal thereto from the County Court for Lancaster County, LAURIE J. YARDLEY, Judge. Judgment of District Court affirmed in part, and in part reversed.

Timothy S. Noerrlinger, of Naylor & Rappl Law Office, and, on brief, Megan R. Theesen, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## I. INTRODUCTION

Melvin L. Smith appeals an order of the district court for Lancaster County affirming his conviction and sentence by the county court for Lancaster County for third degree domestic assault and dismissing two of his ineffective assistance of counsel claims. On appeal, Smith alleges that the district court erred in finding (1) harmless error in the admission of certain evidence, (2) that the evidence was sufficient to support his conviction, and (3) that he could not show prejudice on two of his ineffective assistance of counsel claims. We affirm in part and in part reverse.

- 1 -

## II. BACKGROUND

The State filed a criminal complaint charging Smith with third degree domestic assault pursuant to Neb. Rev. Stat. § 28-323(1)(a) or (b) (Reissue 2016). The charge stemmed from an altercation between Smith and his ex-girlfriend, Tiffany Isley, which occurred in May 2017. A jury trial was held in the county court for Lancaster County in August.

At the trial, Isley testified that she had dated Smith for 6 years, but their relationship ended in 2016. Smith and Isley had lived together until their relationship ended; however, Smith had left some personal items at Isley's house after he moved out. On the day of the altercation, Smith contacted Isley to retrieve his personal belongings, and arrived at her house at 10 p.m. Isley testified that when she met Smith outside her house, he was very angry and upset, and called Isley a "bitch-ass ho." Isley stated that Smith then punched her in the face.

Isley further testified that after being punched she went inside her house and attempted to stop her nose from bleeding. Isley's daughter saw her as she was attempting to clean herself and called the police. Isley stated that Smith called her before the police arrived and told her, "if you put me in jail, I'm going to get out and beat your ass. Tiffany, you better not send me to jail on this bullshit." Once the police arrived at Isley's house, they took pictures of her face. Smith continued to call Isley while the police were present. Isley answered one call and placed her phone on speaker phone, where Smith stated, "I should come over there and beat your ass. You best believe that." Isley then accused Smith of punching her in the nose, to which Smith did not respond.

The prosecutor then asked Isley about subsequent phone calls she had received from Smith the weekend before trial. Isley testified that Smith was "rambling on, and screaming, and carrying on about me getting my ass whipped." Isley stated that Smith did not say anything specific about her testifying at trial.

The State also presented testimony from Isley's daughter and the two police officers who assisted Isley at her house; all three witnesses corroborated parts of Isley's account of the altercation. Isley's daughter testified that she looked out her window and saw Isley talking to Smith in the driveway. When Isley came back into the house, she was crying and upset and her nose was bleeding. Isley's daughter also stated that Smith repeatedly called Isley while the police were present at the house, and that Isley answered one call from Smith and put it on speaker phone.

Lincoln Police Officers Daniel Cleveland and Darryl Hume responded to Isley's house. Each officer testified that Isley's nose was bleeding and she was very distressed when they arrived. The officers also testified that Isley received a phone call from a man she identified as Smith while they were present, and Smith stated, "I should come over there and beat your ass. You best believe that."

Smith testified at trial that he had stored some possessions at Isley's house, and called her on the day of the altercation to pick up his belongings. Smith stated that as he started to back out of Isley's driveway, she reached in his car and tried to grab him by the face. Isley then started "patting her nose," and said that Smith had hit her. Smith testified that he saw Isley slap her nose over 10 times. Following his testimony, Smith informed the trial judge that he had a witness present who could "testify to the behavior of this woman." However, Smith's attorney informed the court

that the witness was not present on the date of the altercation, and therefore her testimony was not relevant.

The jury subsequently found Smith guilty of third degree domestic assault. Smith was sentenced to 200 days in jail. Smith moved for a new trial, which was denied by the county court. Smith then appealed his conviction to the district court for Lancaster County. In his appeal, Smith argued that there was insufficient evidence to convict him of third degree domestic assault under § 28-323; the county court erred in overruling his motion for a new trial; and that he received ineffective assistance of counsel. The district court affirmed Smith's conviction, finding that any errors committed by the county court were harmless, Smith received effective assistance of counsel, and that there was sufficient evidence to convict him of third degree domestic assault. Smith timely appeals to this court.

## III. ASSIGNMENTS OF ERROR

Smith assigns, restated, that the district court erred in finding (1) the admission of his subsequent phone calls to Isley without a hearing was harmless error, (2) that Smith received effective assistance of counsel, and (3) there was sufficient evidence to support Smith's conviction.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

In reviewing a criminal conviction for sufficiency of the evidence claim, whether the evidence is direct, circumstantial or a combination thereof, the standard is the same: an appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Jones*, 293 Neb. 452, 878 N.W.2d 379 (2016). The relevant question when an appellate court reviews a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

## V. ANALYSIS

### 1. ADMISSION OF SMITH'S SUBSEQUENT PHONE CALLS

Smith first asserts that the district court erred by finding that the county court's admission of subsequent phone calls Smith made to Isley the weekend before trial was harmless error. We disagree.

Smith argues that these subsequent phone calls were inadmissible under Neb. Rev. Stat. § 27-404(2) (Reissue 2016). Section 27-404(2) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be

admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When seeking to admit evidence under § 27-404, the prosecution must prove by clear and convincing evidence that the defendant committed the crime, wrong, or act, and such proof must be established outside the presence of the jury. § 27-404(3). A trial court must then determine whether the evidence is independently relevant, which means its relevance does not depend on its ability to show propensity. *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017). When requested, the trial court must instruct the jury on the specific purpose or purposes for which it is admitting the extrinsic acts evidence under § 27-404(2). *State v. Burries, supra*.

At trial, the State questioned Isley regarding phone calls she received from Smith the weekend before trial. Isley testified that she answered some of the calls and recognized Smith's voice, and that Smith was "rambling on, and screaming, and carrying on about me getting my ass whipped." However, Smith did not object to the State's questioning of Isley regarding these subsequent phone calls. Thus, because Smith failed to object to the admission of the evidence, he waived his right to claim prejudicial error on appeal. See *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018) (failure to make timely objection waives right to assert prejudicial error on appeal).

On appeal, Smith urges this court to find that the county court's admission of the testimony regarding his subsequent phone calls to Isley was plain error. Plain error will be noted only where an error is evident from the record, prejudicially effects a substantial right of a litigant, and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010). We decline to find plain error in the county court's admission of Smith's subsequent phone calls to Isley because the district court was correct in determining that any error made by the county court was harmless error.

The Nebraska Supreme Court's harmless error jurisprudence recognizes that not all trial errors, even those of constitutional magnitude, entitle a criminal defendant to the reversal of an adverse trial result. *State v. Tyler P.*, 299 Neb. 959, 911 N.W.2d 260 (2018). It is only prejudicial error, that is error which cannot be said to be harmless beyond a reasonable doubt, which requires a reversal. *Id*. When determining whether an alleged error is so prejudicial as to justify reversal, courts generally consider whether the error, in light of the totality of the record, influenced the outcome of the case. *Id*. The erroneous admission of evidence is harmless error and does not require reversal if the evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. *State v. DeJong*, 287 Neb. 864, 845 N.W.2d 858 (2014). Cumulative evidence tends to prove the same point of which other evidence has been offered. *State v. Britt*, 293 Neb. 381, 881 N.W.2d 818 (2016).

Here, Smith is unable to establish that he was prejudiced by the county court's admittance of testimony regarding his subsequent phone calls to Isley. The record contained testimony from Isley, Isley's daughter, Cleveland, and Hume, all of whom testified that Smith called Isley later the evening of the altercation. Isley testified that Smith called both prior to police arriving at her house, and again while the police were present. In both phone calls, Smith threatened Isley with

physical harm. As the district court noted, and contrary to Smith's assertion on appeal, the properly admitted phone calls from Smith to Isley directly after the altercation would still be before the jury even if Smith's subsequent calls were not, and the calls directly after the altercation were stronger evidence of Smith's guilt. Thus, in light of the other evidence properly admitted against Smith, it cannot be said that testimony regarding his subsequent calls to Isley the weekend before trial influenced the jury's decision to find him guilty of third degree domestic assault. Therefore, the district court was correct in determining that the county court's admission of Smith's subsequent phone calls to Isley was harmless error.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second assigned error, Smith argues that the district court erred in determining that he received effective assistance of trial counsel. On appeal, Smith asserts that his counsel was ineffective in four ways, for failing to (1) object to the introduction of § 27-404(2) evidence, (2) investigate Smith's competency and seek a competency hearing, (3) adequately investigate Smith's case and prepare for trial, and (4) call a material witness at trial. We disagree.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare cases where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

### (a) Failure to Object to § 27-404(2) Evidence

Smith first alleges that his trial counsel was ineffective for not objecting to the § 27-404(2) evidence offered by the State. The district court determined that Smith was unable to prove he was prejudiced by this alleged deficient performance and we agree.

As iterated above, any error in failing to object to the subsequent phone calls was harmless error. The properly admitted evidence proved that Smith made calls to Isley immediately after the assault threatening to "beat her ass" and these calls were more probative of Smith's guilt than the subsequent calls made the weekend before trial. The record reveals that Smith is unable to establish that he was prejudiced by the admission of these subsequent phone calls. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable

probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id*.

Smith is unable to demonstrate that but for his counsel's failure to object to the admission of his subsequent phone calls to Isley, the result of the trial would have been different. The jury heard testimony establishing that Smith called Isley at least twice following the altercation, once before police arrived to Isley's house, and once while police officers were present. As the district court stated, those phone calls were much stronger evidence of Smith's guilt than were the subsequent calls. Thus, even if the subsequent phone calls had been excluded, the jury still heard evidence of the phone calls made by Smith directly after the altercation to consider as evidence of Smith's guilt. Therefore, we find that the district court did not err in denying Smith's claim that his trial counsel was ineffective for failing to object to the admission of his subsequent phone calls to Isley.

(b) Competency Evaluation and Hearing

Smith next argues that his trial counsel was ineffective for failing to investigate his competency to stand trial and failing to seek a competency hearing. The district court determined counsel was not ineffective for failing to investigate Smith's competency and we agree.

A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). In order to demonstrate prejudice from counsel's failure to investigate competency and failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was in fact incompetent, and that the trial court would have found the defendant incompetent had a competency hearing been conducted. *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011). Counsel is not ineffective for failing to undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel. *Id*. A defendant's unstable emotional state, paranoid ideation, or occasional outbursts in court does not render him incompetent. *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

Here, Smith is unable to demonstrate that he was prejudiced by his counsel's failure to investigate his competency and to seek a competency hearing because Smith cannot establish that there is a reasonable probability he was incompetent at the time of trial. In his appeal, Smith argues that because his behavior was disruptive and concerning, he expressed confusion during the trial, and because a subsequent court found him to be incompetent a month after this trial, there is a reasonable probability that he was incompetent to stand trial. Smith's arguments are without merit.

First, as noted by the district court, there is nothing in the record indicating that Smith did not understand the proceedings against him. Although Smith did demonstrate erratic behavior and frequent outbursts during trial, those actions do not render him incompetent to stand trial. See *State v. Guatney, supra*. Further, Smith asserts that on several occasions he stated he did not understand

- 6 -

what was occurring at trial, which indicates he was struggling to understand the nature of the proceedings. However, Smith misstates the record.

While Smith did state that he was confused or did not understand what was occurring numerous times during the trial, he was expressing confusion at the testimony being offered, as he believed it was untruthful. Smith was not expressing confusion about the nature of the proceedings against him; rather, he was expressing his disbelief that the State was bringing charges against him at all. Contrary to Smith's assertions regarding competency, the record reveals through Smith's outbreaks at trial, that he did, in fact, understand the proceedings. He questioned counsel's decision not to call a witness, he objected to certain testimony and exhibits, and he engaged in substantial dialogue with the court regarding the no contact order she put in place at the conclusion of the trial. The record supports a finding that Smith was competent and his competency was displayed through his attempts to participate in the proceedings.

Finally, the district court was correct in noting that the finding of a subsequent court regarding Smith's competency has no bearing on what occurred in this case. In this case, there is nothing in the record which indicates that there was a reasonable probability that Smith would be found to be incompetent to stand trial. Thus, Smith's counsel was not ineffective for failing to investigate his competency or for failing to seek a competency hearing.

### (c) Failure to Investigate Smith's Case and Prepare for Trial

Smith also alleges that he received ineffective assistance of counsel because his trial counsel failed to adequately investigate his case and prepare for trial. Specifically, Smith asserts that his trial counsel failed to obtain cell phone records from either himself or Isley. Smith argues that, because the jury asked whether there were any phone records or text messages "from her" on his phone, the outcome of the trial likely would have been different had his counsel obtained the phone records. The district court determined that the record was insufficient to establish that Smith was prejudiced by counsel's failure to obtain and introduce cell phone records. We determine, however, that the record is insufficient to address this issue.

The record does not include any information as to what the phone records would reveal, of if they were even attainable. Although Smith argues that he asked his trial counsel to obtain the records, the record is void of information supporting his assertion. Thus, we agree with the State that this error cannot be addressed on direct appeal.

### (d) Failure to Call Material Witness

Finally, Smith argues that he received ineffective assistance of counsel because his attorney did not call a material witness who could have testified regarding Isley's motive to lie. Smith further argued that the witness could have testified that Isley had expressed disapproval and jealousy over the relationship between Smith and the witness. The district court determined that the record supports that the decision not to call this particular witness to testify was a matter of trial strategy. We disagree.

Smith asserts this witness would have established a motive for Isley to lie; in the conversation on the record between Smith and his counsel, counsel states she was not calling the witness because she was not present on the date of the altercation. This does not address whether

the witness' testimony would have supported Smith's reason for desiring her testimony. The record does not include any information as to the substance of the witness' potential testimony. Additionally, the record is void of information regarding any discussion between Smith and his attorney in relation to the full substance of the witness' testimony.

We therefore disagree with the district court's finding that counsel's decision not to call the particular witness was a matter of trial strategy, and agree with the State that the record is insufficient to address this assigned error.

### 3. SUFFICIENCY OF EVIDENCE

In his third assigned error, Smith asserts that the State presented insufficient evidence to convict him of third degree domestic assault. We disagree.

A person commits the offense of third degree domestic assault if he or she intentionally or knowingly causes bodily injury to his or her intimate partner, or threatens an intimate partner with imminent bodily injury. § 28-323(1)(a) and (b). Intimate partner includes persons who are or were involved in a dating relationship. § 28-323(8). It is not disputed that Isley was Smith's intimate partner.

On appeal, Smith argues that there is insufficient evidence to convict him because no independent witnesses observed the altercation and Isley was an unreliable witness in that she over exaggerated her injuries and her testimony differed from that of other witnesses. Smith's arguments are without merit.

First, although Smith and Isley were the only two people present for the altercation, the State presented testimony from Isley's daughter, and Cleveland and Hume, who responded to the altercation. Isley's daughter testified that her mom was crying and upset when she came inside and that her nose was bleeding. Isley's daughter called the police when Isley said that Smith hit her. Both police officers testified that when they arrived, Isley's nose was bleeding and she was very distressed. Additionally, both officers stated that a male, who Isley identified as Smith, called Isley and stated "I should come over there and beat your ass. You best believe that."

Further, Isley testified that she received a call from Smith prior to police arriving where Smith stated, "Tiffany, if you send me to jail, I'm getting out and I will whip your ass." Contrary to Smith's assertion on appeal, Isley was not testifying regarding the phone call Smith made while the police were present at her house; rather, she was testifying regarding a call Smith made prior to the police arriving.

Smith, on the other hand, testified that Isley's nose was bleeding because she had "patted" herself in the face until it bled, and then called the police on Smith. In light of the testimony presented at trial, there was sufficient evidence for the jury to convict Smith of third degree domestic assault. Isley testified that Smith punched her as they talked outside her house. Her account was supported by her daughter's testimony that she observed Isley cleaning her face in the bathroom after she came inside. Cleveland and Hume also corroborated Isley's account by taking photographs of her face and testifying regarding the phone call that Smith made while they were present.

Moreover, Smith's assertion that Isley was not a reliable witness seeks to have this court weigh the credibility of witnesses, which we decline to do. The standard of review for an

insufficient evidence claim prohibits this court from reweighing the evidence or critiquing the credibility of witnesses. *State v. Jones*, 293 Neb. 452, 878 N.W.2d 379 (2016). Therefore, viewing the evidence in a light most favorable to the prosecution, which means accepting the State's version of the altercation, there is sufficient evidence to establish beyond a reasonable doubt that Smith punched Isley, causing bodily injury. The district court did not error in finding sufficient evidence for the conviction of third degree assault domestic assault.

## VI. CONCLUSION

We affirm Smith's conviction in the county court, finding that the district court did not err in determining that the county court's admission of Smith's subsequent phone calls to Isley was harmless error, and in determining that there was sufficient evidence to convict Smith of third degree domestic assault. We further find that the district court did not err in denying Smith's first two claims of ineffective assistance of counsel. However, we find that the district court erred in finding the record sufficient to deny Smith's claim of ineffective assistance of counsel regarding his counsel's investigation of his case and failure to call a material witness.

AFFIRMED IN PART, AND IN PART REVERSED.