IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SCOTT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICKY J. SCOTT, JR., APPELLANT.

Filed January 28, 2020.    No. A-19-563.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Jim K. McGough, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Micky J. Scott, Jr., appeals his plea-based conviction and sentence for one count of criminal possession of financial transaction devices. On appeal, he challenges his sentence and claims that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

In February 2018, Scott was charged in the district court for Douglas County with one count of criminal possession of a financial transaction device (2 or 3 devices), in violation of Neb. Rev. Stat. § 28-621(1) and (3) (Reissue 2016), a Class IV felony. In March, Scott reached a plea agreement with the State, whereby Scott agreed to plead no contest to the charge. In exchange for his plea, the State agreed to recommend that Scott receive probation.

After the court questioned Scott regarding the voluntariness of his plea, the State presented the following factual basis. Scott was a passenger in a vehicle that was lawfully stopped. He

provided officers with a false name, and after his real identity was determined, officers learned that Scott had several warrants against him. Officers searched the vehicle and a backpack located next to Scott in which they found multiple credit cards belonging to at least three different people. Scott admitted to possessing the credit cards with the intent of possibly using them or using them as leverage against someone else. The court accepted Scott's plea of no contest and found him guilty. It sentenced him to 18 months of probation.

In June 2018, the State filed a motion in the district court seeking to revoke Scott's probation. The State alleged that Scott violated his probation by having an active warrant for charges he received in Sarpy County in January 2018 for aiding and abetting, failing to report to probation on May 7, failing to provide a valid address to the probation office, failing to maintain employment, testing positive for methamphetamine, failing to report to drug testing, failing to obtain a chemical dependency evaluation, failing to attend AA meetings, and absconding from probation supervision.

In December 2018, Scott admitted to violating the terms of his probation. In exchange for his admission, the State agreed to dismiss other charges pending against him. The court questioned Scott regarding the voluntariness of his plea and informed him of the ways in which he violated his probation. The court then accepted Scott's plea and found him guilty of violating the terms of his probation. The court set a sentencing date and ordered a presentence investigative report (PSR).

At the sentencing hearing, Scott's attorney requested the court sentence Scott to 321 days' imprisonment. The court informed Scott that it had considered his "file" prior to imposing its sentence. It then sentenced him to 2 years' imprisonment and 12 months' postrelease supervision on the original charge of criminal possession of financial transaction devices, a Class IV felony. Scott timely appealed.

ASSIGNMENTS OF ERROR

Scott assigns, restated, that the district court abused its discretion in sentencing him and that his counsel was ineffective for failing to argue mitigating factors.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id*.

ANALYSIS

*Appropriateness of Sentence*.

Scott argues that the district court abused its discretion in sentencing him because it did not consider the appropriate sentencing factors prior to sentencing him. We disagree.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Scott was convicted of possession of financial transaction devices, a Class IV felony, and was sentenced to 2 years in prison and 12 months' postrelease supervision. Class IV felonies carry a penalty of 0 to 2 years' imprisonment and 9 to 12 months' postrelease supervision. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). However, when the criminal offense is a Class IV felony, the court should impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including the criteria in subsections (2) and (3) of Neb. Rev. Stat. § 29-2260 (Reissue 2016). Neb. Rev. Stat. § 29-2204.02 (Reissue 2016). Scott alleges that the district court did not consider his PSR or properly consider the factors enunciated in § 29-2260 prior to imposing its sentence. We disagree.

Section 29-2260(2) states that a court may withhold a sentence of imprisonment for a misdemeanor or felony unless the court finds that imprisonment is necessary because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

Section 29-2260(3) lists several factors which should be considered by a court when considering whether to withhold a sentence of imprisonment and grant probation, including:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

The Nebraska Supreme Court has stated that under § 29-2204.02(3), the court is required to state its reasoning, rather than its reasons, on the record. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). Thus, a sentencing court should not simply supply a list of reasons, but instead, should demonstrate how it reached its determination that there were substantial and compelling reasons for imprisonment. *Id.*

Here, the district court did not abuse its discretion in sentencing Scott. At the outset, we note that Scott's attorney requested that he receive a sentence of 321 days' imprisonment. Now Scott asserts that he should have received probation, despite the fact that his attorney requested incarceration and Scott was before the court for violating the terms of his current probation.

The district court stated that it "looked through [Scott's] file" prior to sentencing him. According to the PSR, Scott was 39 at the time of sentencing and had completed high school. His PSR also detailed the circumstances of his offense, as well as his criminal history.

Scott has previous charges or convictions in three separate states for failure to appear, obstructing the judiciary or congress, drunk and disorderly conduct, disturbing the peace, felony larceny, felony use of a financial transaction device, felony theft, possession of a controlled substance, and third degree assault. Additionally, Scott has been on probation on previous occasions and has had his probation revoked multiple times. Scott also scored in the high or very high risk category in the following domains: criminal history, education/employment, family/marital, leisure/recreation, companions, alcohol/drug problems, procriminal attitude/orientation, and antisocial pattern.

Prior to imposing its sentence, the district court stated:

Looking at your record, I'm not convinced that, you know, any further efforts through probation are going to be of any benefit. It seems like you've had multiple opportunities. As I look through your file, I find violation, revocation, active warrant, multiple pages, multiple states, identity fraud, receiving stolen property, forgery second degree.

In referencing Scott's "file" and the information contained therein, the court was obviously considering his PSR, and we reject Scott's claim to the contrary. Further, the court noted that Scott had been on probation multiple times in the past and had his probation revoked in the past. The court also recounted a portion of Scott's criminal history. Therefore, the court stated its "reasoning" for imprisoning Scott rather than placing him on probation. Nothing in the record indicates that the court failed to consider the appropriate factors in sentencing Scott. Based on the record before us, we do not find that the district court abused its discretion in sentencing Scott to 2 years' imprisonment and 12 months' postrelease supervision for possession of a financial transaction device.

*Ineffective Assistance of Counsel.*

Scott asserts his counsel was ineffective for failing to argue mitigating factors. He argues his counsel failed to cite to any helpful information contained in the PSR, offer evidence of his drug addiction treatment, present character letters or other information of his remorse, and explain why he violated the terms of probation. He also claims counsel failed to adequately advise him regarding his right to provide an "appropriate and thoughtful" allocution. We note that the argument regarding failure to advise him of his right to provide an allocution was not assigned as error; therefore we do not address it. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (errors must be specifically assigned and argued to be considered by appellate court). We address the remaining assertions below.

Scott is represented in this court by different counsel than the counsel who represented him at the district court. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise the issue will be procedurally barred. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). Therefore, Scott timely raised his claims of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares, supra*. A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims are without merit or in the rare cases where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

First, we find that Scott failed to make sufficiently specific allegations of deficient conduct relating to the failure to cite to any helpful information contained in the PSR, present any character letters or other information that would have demonstrated his remorse and community support, or explain the reasons why he violated the terms of his probation. An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Filholm, supra*. An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. See *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017).

- 5 -

Here, Scott does not identify what "helpful information" was contained in his PSR or what the reasons were why he violated the terms of his probation. Additionally, Scott does not indicate what the contents of any "character letters" would be, who they would be from, or how they would demonstrate he deserved a lesser sentence. Brief for appellant at 14. We acknowledge that in *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014), the Supreme Court stated that in a direct appeal, a defendant does not need to allege specific factual allegations as to who should have been called or what that person or persons would have said to be able to conclude that any evidence of such alleged ineffective assistance would not be found in the trial court. Despite this, the court in *Abdullah* found that the defendant's assertion that his counsel was ineffective for failing to call "at least two witnesses that [defendant] informed would be beneficial to his case" was not alleged with sufficient specificity to be addressed. *State v. Abdullah, supra* at 133-34, 853 N.W.2d at 867. Here, Scott did not allege any specific information regarding his PSR, the "character letters," or his reasons for violating probation. Thus, similar to the court in *Abdullah*, we find that Scott did not sufficiently allege these claims of ineffective assistance of counsel.

Scott's conclusory statements regarding his counsel's alleged deficient performance as to these three issues are insufficient to preserve his claim of ineffective assistance of counsel. See *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). A claim insufficiently stated is no different than a claim not stated at all. *State v. Mora, supra.*

Second, the record refutes Scott's claims that his counsel was deficient for failing to offer evidence regarding his treatment for drug addiction. Scott's counsel informed the court prior to the imposition of its sentence:

> As the court knows, [Scott] has been in the RAP program at Douglas County Corrections since April 12th of this year. While in RAP he's been receiving intensive outpatient treatment. This includes participating in nine hours of treatment weekly, which would also include one hour of individual therapy. Further, he believes that treatment for drug problems is extremely important, and upon his release, would like to continue treatment at the Salvation Army.

Thus, the record refutes his claim that his counsel did not provide the court with information about his drug treatment.

In summation, Scott failed to allege deficient performance with sufficient particularity as to his claims regarding the failure to provide the court with helpful information from his PSR, character letters indicating his remorse and community support, or the reason Scott violated his probation. We find that his counsel was not deficient for failing to provide information regarding Scott's drug treatment. Finally, he failed to assign as error that his counsel failed to inform him of his right to provide his own allocution to the court.

CONCLUSION

For the foregoing reasons, we affirm Scott's conviction and sentence.

AFFIRMED.